UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

KIANA RODGERS on behalf of )
herself and all others similarly situated, )
)
    Plaintiff, ) Civil Action Number:
)
v. )
) Jury Trial Demanded
GOLDEN HOMES SERVICES, LLC, )
a Georgia Company, )
)
    Defendant. )

**FAIR LABOR STANDARDS OVERTIME
COLLECTIVE ACTION COMPLAINT**

COMES NOW Plaintiff Kiana Rodgers (hereinafter "Plaintiff") by and through her undersigned counsel, and files this lawsuit against Defendant Golden Homes Services, LLC (hereinafter "Defendant") on behalf of herself and all others similarly situated, pursuant to § 216(b) of the Fair Labor Standards Act of 1938, and in support thereof would further state as follows:

**INTRODUCTION**

1. The instant action arises from Defendant's violations of Plaintiff's rights under the Fair Labor Standards Act, 29 U.S.C. §§ 201, et seq., as amended (hereinafter "FLSA"), and specifically the collective action provisions of the FLSA found at § 216(b) to remedy violations of the overtime provisions of the FLSA by

Defendant which have deprived Plaintiff, as well as others similarly situated to the named Plaintiff, of their lawful overtime wages.

2. Named Plaintiff brings this action as a collective action on behalf of herself and all other similarly situated employees who consent to representation, pursuant to 29 U.S.C. § 216(b).

3. Other current and former employees of Defendant are also entitled to receive overtime compensation for the reasons alleged in this Complaint. The above-named Plaintiff may be permitted to maintain this action "for and on behalf of [herself] . . . and other employees similarly situated." 29 U.S.C. § 216(b). Any similarly situated current or former hourly employee of Defendant wishing to become a party plaintiff to this action must provide "his consent in writing to become such a party," and such consent must be filed with this Court. 29 U.S.C. § 216(b).

4. Plaintiff and those similarly situated were employed by Defendant working as Certified Nursing Assistants ("CNAs") hourly employees in one or more of Defendant's client's assisted living facilities or other similar facility.

5. During the employment of Plaintiff, and for at least three years prior to the filing of this Complaint in the case of any collective group similarly situated, Defendant committed violations of the FLSA by failing to compensate its CNAs at

the legally appropriate overtime rate for hours worked in excess of 40 hours in a given workweek.

6. Plaintiff and all similarly situated current and former employees of Defendant who elect to participate in this action seek overtime compensation for work performed, an equal amount of liquidated damages, attorneys' fees, costs, and other appropriate relief pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 29 U.S.C. § 216(b) (FLSA).

8. Venue is proper in the Northern District of Georgia pursuant to 28 U.S.C. § 1391 (b) and (c) because a substantial part of events or omissions giving rise to the claims occurred within the jurisdiction of this Court and because Defendant is located in this District and is subject to personal jurisdiction in this District.

## PARTIES

9. Plaintiff resides in DeKalb County, Georgia (within this District) and is a citizen of the United States. Plaintiff was employed by Defendant from approximately November 2012 until approximately December 2014 as an hourly

CNA working at several of its client's assisted living facilities and/or similar type facility.

10. At all times material to this action, the named Plaintiff and any collective group similarly situated were "employees" of Defendant defined by § 203(e)(1) of the FLSA, and worked for Defendant within the territory of the United States. These same individuals are further covered by §§ 203, 206, and 207 of the FLSA for the period in which they were employed by Defendant.

11. Defendant is a corporation formed under the laws of the State of Georgia.

12. Defendant's principal office is 5070 Minola Drive, Lithonia, Georgia 30038.

13. Defendant conducts business within this State and District.

14. Defendant is subject to personal jurisdiction in the State of Georgia for purposes of this lawsuit and can be served through its registered agent, Mark Sickler, 400 Clubland, Conyers, Georgia, 30094.

15. At all times material to this action, Defendant was an enterprise engaged in commerce or in the production of goods for commerce as defined by § 203 of the FLSA, and had an annual gross volume of sales which exceeded $500,000.

16. At all times material to this action, Defendant was an "employer" of Plaintiff as defined by § 203(d) of the FLSA.

17. The overtime provisions set forth in § 207 of the FLSA apply to Defendant.

## FACTUAL ALLEGATIONS

18. Upon information and belief, Defendant is a staffing company that places its employees at its client's assisted living and other similar type facilities in the state of Georgia.

19. During the relevant time period, Defendant assigned Plaintiff, a CNA, to work for several of its client's assisted living facilities and most recently at Defendant's client, Hallmark of Buckhead assisted living facility located in Buckhead, Georgia, and compensated Plaintiff on an hourly basis.

20. As a CNA, Plaintiff saw a number of patients per day and required her to perform job duties like taking vital signs, checking insulin levels, and providing insulin.

21. Defendant employed numerous CNA employees at its client's assisted living and other similar type facilities.

22. Defendant's pay practices were the same for Plaintiff and all of its CNA employees.

23. At all times relevant to this action, Defendant regularly required Plaintiff and other CNAs to work in excess of forty hours a week.

24. Defendant did not compensate Plaintiff and the CNAs at a rate of time and half of their regular rate for hours worked over forty per workweek.

25. Defendant had a policy and/or practice of not compensating Plaintiff and its CNAs at a rate of time and a half for hours worked over forty per workweek.

26. During at least the previous three years, Defendant compensated Plaintiff and its CNAs only straight time for all hours over forty per workweek.

27. At all times relevant to this action, Plaintiff and those similarly situated were non-exempt employees for purposes of overtime compensation.

28. As hourly employees, Plaintiff and those similarly situated employees were entitled to a rate of time and half for all hours over forty per workweek.

29. Defendant knew that its CNAs, as hourly employees, were entitled to a rate of time and a half for all overtime hours pursuant to the FLSA.

30. Defendant knew that Plaintiff and those similarly situated employees were working, at times, over forty hours per week.

31. Defendant failed to meet the requirements for any of the exemptions from application of the overtime compensation requirements of the FLSA under 29 U.S.C. §§ 207 or 213 with respect to Plaintiff and those similarly situated.

32. Defendant is liable to Plaintiff and those similarly situated for compensation for any and all time worked in excess of forty hours per week at the rate of at least one and one-half times the regular rate at which Plaintiff and those similarly situated were legally required to be paid under the compensation requirements of the FLSA under 29 U.S.C. §§ 203, 206, and 207.

33. By reason of the said intentional, willful and unlawful acts of Defendant, Plaintiff and those similarly situated have suffered damages plus incurring costs and reasonable attorneys' fees.

34. As a result of Defendant's willful violations of the FLSA, Plaintiff and those similarly situated are entitled to liquidated damages.

35. Plaintiff demands a jury trial.

### COUNT I

36. Plaintiff repeats and incorporates by reference paragraphs 1 - 35 herein.

37. By its actions alleged herein, Defendant willfully, knowingly and/or recklessly violated the FLSA provisions and corresponding federal regulations as

detailed herein, by failing to properly pay overtime wage compensation to Plaintiff and those similarly situated in accordance with §§ 203 and 207 of the FLSA.

38. Defendant has not made a good faith effort to comply with the FLSA with respect to its overtime compensation of Plaintiff and those similarly situated.

39. As a result of Defendant's violations of the FLSA, Plaintiff and those similarly situated have suffered damages by failing to receive overtime compensation in accordance with §§ 203 and 207 of the FLSA.

40. As a result of the unlawful acts of Defendant, Plaintiff and those similarly situated have been deprived of overtime compensation in an amount to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, pre- and post-judgment interest, costs, attorneys' fees, and other relief.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of all other similarly situated person who will opt-in to this action, pursuant to § 216(b) of the FLSA, pray for the following relief:

A. That all Plaintiffs be awarded damages in the amount of their respective unpaid compensation, plus an equal amount of liquidated damages;

B. That all Plaintiffs be awarded pre- and post-judgment interest;

C. That all Plaintiffs be awarded reasonable attorneys' fees;

D.  That all Plaintiffs be awarded the costs and expenses of this action; and

E.  That all Plaintiffs be awarded such other, further legal and equitable relief, including, but not limited to, any injunctive and/or declaratory relief to which they may be entitled.

Respectfully submitted this 2nd day of February, 2015.

MARTIN & MARTIN, LLP

By: *Kimberly N. Martin*
Kimberly N. Martin
kimberlymartinlaw@gmail.com
Georgia Bar No. 473410
Thomas F. Martin
tfmartinlaw@msn.com
Georgia Bar No. 482595

MARTIN & MARTIN, LLP
Post Office Box 1070
Tucker, Georgia 30085
404.313.5538
770.837.2678 Fax